**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES W. WILENT; ROBIN WILENT,
Plaintiffs-Appellants,

v.                                                                No. 97-1834

FMC CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-95-406-3-MU)

Submitted: October 14, 1997

Decided: November 10, 1997

Before NIEMEYER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald H. Bumgardner, Gastonia, North Carolina, for Appellants.
Brooks R. Buchanan, BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, P.L.L.C., Jackson, Mississippi, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Wilent sustained injuries in the course of his employment with Defendant FMC Corporation ("FMC"). Wilent and his wife filed suit, alleging that FMC committed an intentional tort in the workplace entitling him to damages for personal injuries in addition to his award under workers' compensation. Wilent appeals the district court's decision granting FMC's motion for summary judgment on the grounds that Wilent failed to establish a claim under Woodson v. Rowland, 407 S.E. 222 (N.C. 1991). We affirm.

In August 1993, Wilent suffered lacerations and bruises from an explosion while pumping out lithium waste material from a 55-gallon drum. Wilent was replacing the bung cap on an empty drum to prevent water from reacting with any lithium remaining in the drum. Subsequent investigation revealed that ignited solvent vapors left in the drum caused the explosion. Specifically, it was likely that Wilent's tightening the bung cap with a wrench caused the lithium residue to compress against the drum and ignite vapors.

As a general rule, the North Carolina Workers' Compensation Act ("the Act") provides the exclusive remedies for injuries suffered by employees in the course of their employment, see N.C. Gen. Stat. §§ 97-9, 97-10.1 (1991). Under the Act, "the rights and remedies [t]herein . . . exclude all other rights and remedies of the employee . . . as against the employer at common law or otherwise on account of such injury or death." § 97-10.1. In Woodson v. Rowland, however, the North Carolina Supreme Court carved out an exception to this general rule:

> [W]hen an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee . . . may pursue a civil action against the employer. Such conduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the [Workers' Compensation] Act.

2

407 S.E.2d at 228.

Wilent primarily contends that FMC was aware of the hazardous and explosive nature of lithium and had to know that an explosion was substantially certain to occur "sooner or later" injuring an employee. Wilent's expert stated that the process conducted that day was particularly hazardous because of the increased amounts of lithium metal in the waste product. Furthermore, Wilent maintains that he informed his supervisors of the volatile nature and dangerousness of the lithium waste product and that he was instructed to proceed anyway. Additionally, he contends that FMC's chemical engineers should have been aware of the increased volatility created that day by the increased amount of metal in the product due to a failure in the filtering process.

The district court, however, held that the evidence was insufficient to create a genuine issue of material fact regarding either element of a Woodson claim: (1) a substantial certainty that a serious accident would occur, and (2) employer's knowledge that its conduct was substantially certain to cause serious injury or death to the employee. We review de novo a district court's award of summary judgment. Carbon Fuel Co. v. USX Corp., 100 F.3d 1124, 1132 (4th Cir. 1996).

District courts may enter summary judgment only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc). The facts and inferences to be drawn from the pleadings must be viewed in the light most favorable to the nonmoving party. Ngyuen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995). Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).

The FMC lithium plant was built in 1960. For several years, waste material was collected and stored in 55-gallon drums. At the time of the incident, FMC had been handling volatile materials for over thirty years. In 1986, FMC built a specialty organics plant to produce lithium. Waste materials from this plant was collected and stored in 55-gallon drums and routinely transferred for disposal off-site. FMC engaged in the storing and transferring process using a specific pump-

3

ing process for over fourteen years. FMC has unloaded over one thousand drums containing volatile waste materials. Wilent had worked in the FMC plant since 1960, and on the day of the accident, he and his coworkers had pumped twenty-seven drums in two days without incident. Throughout the years of operation, there was only one other accident prior to this one.

Under these circumstances, we do not find that the court erred in concluding that Wilent failed to create a genuine issue of fact that either a serious accident was substantially certain to occur or that FMC knew its conduct was substantially certain to cause injury to its employees. Accordingly, we affirm the court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4